UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY LYNN MOFFETT,

        Petitioner,

v.                                          CASE NO. 2:06-cv-13946
                                            HONORABLE VICTORIA A. ROBERTS
SUSAN DAVIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Kimberly Moffett has filed a *pro se* Application for the Writ of Habeas Corpus under 28 U.S.C. § 2254. The Habeas Petition challenges Petitioner's sentence for assault with intent to commit sexual penetration. Petitioner alleges that the trial court exceeded its authority when sentencing her and departed from the statutory sentencing guidelines without a compelling reason. The Court finds no merit in Petitioner's claims. Therefore, the habeas petition must be denied.

**I. Background**

Petitioner was charged in Gratiot County, Michigan with two counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. The charges arose from allegations that Petitioner assisted her husband, who was the victim's stepfather, in sexually assaulting her daughter. On June 7, 2004, Petitioner pleaded guilty to assault with intent to commit sexual penetration, Mich. Comp. Laws § 750.520g. In return, the prosecutor dismissed the criminal sexual conduct charges. On July 19, 2004, the trial court sentenced Petitioner to imprisonment for twenty-three months (one year, eleven months) to one hundred

twenty months (ten years). The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented, *see People v. Moffett*, No. 258490 (Mich. Ct. App. Feb. 1, 2005), and on October 31, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Moffett*, 474 Mich. 899; 705 N.W.2d 126 (2005) (table).[1]

Petitioner filed her habeas petition on September 9, 2006. The grounds for relief read:

I. Petitioner is entitled to a re-sentencing because the trial court misscored offense variable: 4 (serious psychological injury); 10 (exploitation of the victim or abuse of authority status); 11 (one criminal sexual penetration); and 13 (the offense being part of a pattern of felonious criminal activity involving 3 or more crimes against a person) and caused the sentence that she received to be a departure from the statutory sentencing guidelines without a compelling reason to depart.

II. The trial court violated Petitioner's due process rights at sentencing by departing above the statutory sentencing guideline range based on alleged facts which the prosecutor did not charge and prove beyond a reasonable doubt at a trial or have appellant admit at a plea.

Respondent urges the Court to deny the petition on the grounds that Petitioner's first claim is not cognizable on habeas review and her second claim lacks merit.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus if she can show that the state court's adjudication of her claims on the merits–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Justice Marilyn Kelly voted to hold the case in abeyance for *People v. Drohan*, *leave granted*, 472 Mich. 881 (2005).

(2) resulted in a decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

### III. Discussion

#### A. Scoring of The Sentencing Guidelines

##### 1. The State Law Claim

Petitioner alleges that the trial court mis-scored four offense variables of the Michigan sentencing guidelines. Petitioner asserts that, if the four offense variables had been correctly

3

scored at zero, the sentencing guidelines score would have been zero to six months. She also claims that the mis-scored offense variables resulted in a sentence that was above the statutory guidelines and that the trial court failed to articulate a substantial and compelling reason for the departure.

Petitioner's claim is not cognizable on habeas review because it is based on state law. Questions of state sentencing law, and the scoring of state sentencing guidelines in particular, are not cognizable on federal habeas corpus review. *Miller v. Vasquez,* 868 F.2d 1116, 1118-19 (9th Cir. 1989); *Long v. Stovall*, 450 F. Supp. 2d 746, 754 (E.D. Mich. 2006) (Gadola, J.). As succinctly explained by the Sixth Circuit,

> [a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)).

*Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, at **2 (6th Cir. Sept. 16, 2003) (unpublished). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. at 68 (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)).

### 2. The Due Process Claim

Although Petitioner styles her claim in terms of state law, she also mentions a right to due process at sentencing. A sentence violates due process if it is based on "misinformation of constitutional magnitude," *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)), or on "extensively and materially false"

information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). The Court concludes for the following reasons that Petitioner's constitutional right to due process was not violated by the trial court's scoring of the state sentencing guidelines.

Offense variable 4 measures psychological injury requiring professional treatment. The prosecutor stated at sentencing that the victim's entire family would experience psychological harm, and Petitioner admits that the victim's impact statement mentions flashbacks she was having due to the things that Petitioner and Petitioner's husband did to her. Thus, it is at least arguable that the victim suffered psychological injury requiring professional treatment. The fact that no treatment was sought is not conclusive. MICH. COMP. LAWS § 777.34(1).

Offense variable 10 assesses exploitation of the victim or abuse of authority. The victim in this case was Petitioner's fourteen-year-old daughter. She testified at the preliminary examination that, on one occasion, Petitioner told her to get on the bed and take off her pants. Petitioner then stood aside as her husband sexually assaulted the victim. The victim also testified that Petitioner and her husband gave her alcohol to drink before the incident. These facts suggest that Petitioner exploited the victim's age and used her parental authority in committing the crime.

Offense variable 11 permits an assessment of points for sexual penetration. There was evidence at the preliminary examination that Petitioner aided her husband when the husband engaged in cunnilingus with the victim. On another occasion, Petitioner allegedly sucked the victim's clitoris.

The Michigan Legislature has defined "sexual penetration," as "sexual intercourse,

5

cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body. . . ." Mich. Comp. Laws § 750.520a(p). The labia majora of a female victim are considered a genital opening. *People v. Legg*, 197 Mich. App. 131, 133; 494 N.W.2d 797, 798 (1992); *People v. Bristol*, 115 Mich. App. 236, 238; 320 N.W.2d 229, 230 (1981). The facts as alleged at the preliminary examination demonstrate that sexual penetration, as defined by state law, occurred.

The final offense variable in dispute is offense variable 13, which requires an assessment of whether the defendant engaged in a continuing pattern of felonious criminal activity on three or more occasions. Petitioner was bound over to circuit court on four counts of criminal sexual conduct. The evidence supporting these charges was sufficient for the trial court to conclude that Petitioner engaged in a pattern of felonious criminal activity involving three or more crimes.

The Court concludes that Petitioner was not sentenced on the basis of "extensively and materially false" information, which she had no opportunity to correct. She has no right to habeas relief on the basis of her first claim.

**B.** *Blakely v. Washington*

Petitioner's second and final claim alleges that her sentence is unconstitutional because the trial court relied on facts which the prosecutor did not prove beyond a reasonable doubt and which Petitioner did not admit at her plea. The Supreme "Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." *Cunningham v. California*, __ U.S. __, __, 127 S. Ct. 856, 863-

64 (2007). In other words, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Id*. at 860. "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004) (emphasis in original).

A majority of the Supreme Court indicated in *Blakely* that its decision applied only to determinate sentencing systems. *See id*. at 308-09. This is made clear in *Cunningham*, where the Supreme Court explained that states may retain determinate sentencing by requiring the jury "to find any fact necessary to the imposition of an elevated sentence" or by permitting judges "'to exercise broad discretion . . . within a statutory range,' which 'everyone agrees,' encounters no Sixth Amendment shoal." *Cunningham,* 127 S. Ct. at 871 (quoting *United States v. Booker*, 543 U.S. 220, 233 (2005)).

Michigan has an indeterminate sentencing system in which the minimum sentence generally is based on sentencing guidelines and the maximum sentence is set by law, not by the trial court. *People v. Claypool*, 470 Mich. 715, 730 n.14; 684 N.W.2d 278, 286 n.14 (2004). "[B]ecause a Michigan defendant is always subject to serving the maximum sentence provided for in the statute that he or she was found to have violated, that maximum sentence constitutes the 'statutory maximum' as set forth in *Blakely*." *People v. Drohan*, 475 Mich. 140, 163-64; 715 N.W.2d 778, 791 (2006).[2]

---

[2] The Michigan Supreme Court recently reaffirmed its holding in *Drohan* that Michigan's indeterminate sentencing scheme is valid under *Blakely*. *See People v. Harper*, __ N.W.2d __, __, No. 130988, 2007 WL 2141263, at *5 (Mich. Sup. Ct. July 26, 2007).

Petitioner's maximum sentence of ten years fell within the statutory maximum for her crime. *See* Mich. Comp. Laws 750.520g(1), and "[a] sentencing court does not violate *Blakely* by engaging in judicial fact-finding to score the [offense variables] to calculate a defendant's recommended minimum sentence range . . . ." *People v. McCuller*, __ N.W.2d __, __, No. 128161, 2007 WL 2141267, at *5 (Mich. Sup. Ct. July 26, 2007). Therefore, Petitioner's sentence is not affected by, and did not implicate, *Blakely*.

## IV. Conclusion

The state appellate court's decision -- that Petitioner's claims lacked merit -- did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Accordingly, the Application for a Writ of Habeas Corpus is DENIED.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: August 1, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on August 1, 2007.
>
> s/Carol A. Pinegar
> Deputy Clerk